UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD FLOYD FERGUSON, SR.,

        Plaintiff,

-vs-                                            Case No. 8:05-cv-1510-T-24EAJ

JACK T. STEPHENS, CEO of Lakeland
Regional Medical Center; LAKELAND
REGIONAL MEDICAL CENTER,

        Defendants.
_____

**ORDER**

Pro se prisoner Plaintiff, who is incarcerated at the Polk County Jail, Bartow, Florida, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his right to have adequate medical treatment and his right to be free from cruel and unusual punishment under the deliberate indifference standard of the Eighth and Fourteenth Amendments of the United State Constitution.

In support, Plaintiff alleges that surgery to remove bullets from his stomach area was performed on him at Lakeland Regional Medical Center on August 13, 2003. He alleges that the surgery "was not closed right" and six months after surgery he was left with two ruptures which he did not have prior to surgery. He contends that he must now wear a support around his waist as a result of the surgery and that he is in constant pain and discomfort. He alleges that he is unable to seek employment because of his present condition.

Plaintiff seeks $2 million dollars compensation for pain and suffering; repair of the surgery at a hospital of his choice, and payment for all of his medical expenses incurred because of the surgery.

## DISCUSSION

The standard for prisoner claims of medical mistreatment is well-established. A prisoner must allege and show that officials acted with deliberate indifference to his medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (footnote omitted). See Farmer v. Brennan, 511 U.S. 825 (1994); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir.1995).

A complaint that medical personnel have been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. at 106. "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Id. at 107.

In Wilson v. Seiter, 501 U.S. 294, 300 (1991), the Supreme Court explained that the Eighth Amendment applies only to punishment, and that prison conditions are only punishment if a mental element of punitive intent is shown.

In Campbell v. Sikes, 169 F.3d 1353, 1363-64 (11th Cir.1999), the Court stated that conditions of confinement violate the Eighth Amendment only if they (1) rise to the level of a "serious" deprivation; and (2) result from the official's "deliberate indifference; Wilson and subsequent cases refer to these two required elements as an "objective component"

scrutinizing the alleged deprivation and a "subjective component" examining the official's mental intent.  Campbell v. Sikes, 169 F.3d at 1363.

Furthermore, Farmer v. Brennan, 511 U.S. 825 (1994), defined the standard of proof of subjective mental intent required to show deliberate indifference:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Under Farmer, liability may be imposed for deliberate indifference only if the plaintiff proves the defendant actually knew of "an excessive risk to inmate health or safety" and disregarded that risk. Id. at 837. Proof that the defendant should have perceived the risk, but did not, is insufficient. Id. at 838; Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir.1996) ("There is no liability for 'an official's failure to alleviate a significant risk that he should have perceived but did not ....' ") (quoting Farmer, 511 U.S. at 838). Thus, the official must have a subjectively " 'sufficiently culpable state of mind.' " Cottrell, 85 F.3d at 1491 (quoting Farmer, 511 U.S. at 834). This "requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' "

Farmer, 511 U.S. at 834, 114 S.Ct. 1970 (quoting <u>Wilson</u>, 501 U.S. at 297, 111 S.Ct. 2321). Finally, a difference of opinion over matters of medical judgment does not give rise to a constitutional claim. <u>See</u> <u>Massey v. Hutto</u>, 545 F.2d 45 (8th Cir.1976).

In the present case, Plaintiff Ferguson has alleged, at most, a claim of medical malpractice. Therefore, his complaint will be dismissed.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed, with prejudice. The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff is assessed the 250.00 filing fee. The Clerk is directed to send a copy of this order to Inmate Accounting at the Polk County Jail.

ORDERED at Tampa, Florida, on August 19, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Richard Floyd Ferguson, Sr.